84 So.2d 379

**Fred E. ROAN et al. (St. Louis Motors),**

v.

**Pelham JOHNSON.**

I Div. 685.

Court of Appeals of Alabama.

June 30, 1955.

Jas. E. Moore, Mobile, for appellee.

Bart B. Chamberlain, Jr., Mobile, for appellants.

HARWOOD, Presiding Judge.

In the suit below the complaint contained two counts, one for the wrongful taking, and the other for the conversion of a truck.

Issue was joined on a plea of the general issue, trial being before the court without the intervention of a jury.

The court rendered a judgment in favor of the plaintiff, and assessed his damages at $800.

The evidence presented by the plaintiff tends to show that on 24 November 1950 the plaintiff purchased from the defendants the truck in question under a conditional sales contract. The contract shows the selling price of the truck to be $750, with carrying charges of $116.40 on the balance due of $566.40, the plaintiff having been allowed a credit of $300 on another truck he traded in.

The conditional sales contract was assigned to the First National Bank of Mobile on the day of its execution, with recourse.

The payments were met by the plaintiff, though some were paid from ten days to two weeks after their due dates.

The payment due on 23 September 1951 was not paid on that date. However the evidence shows that the payment was received, and accepted by the bank on 3 October 1951. Mr. Van Devanter, Vice President of the First National Bank, the assignee of the conditional sales contract executed by the appellee, testified the payment by the appellee on 3 October 1951 brought the contract up to date, and nothing further was due thereon until 23 October 1951.

In response to a question by the court whether, if the vehicle was repossessed by appellant after payment had been received by the bank, such was done under authority from the bank, Mr. Van Devanter replied: "No, no we wouldn't give them authority to pick one up." He further testified that the bank did not authorize the appellant to repossess the truck in question from the appellee on October 4, 1951.

Fred E. Roan, one of the appellants in this case, testified by deposition that the truck in question was repossessed by the St. Louis Motors on 4 October 1951.

The appellee testified that the truck was repossessed while he was absent on a visit in Detroit, and without any authorization from him.

In connection with the value of the truck at the time it was taken from him the appellee testified as follows:

"Q. Have you owned a number of trucks? A. I have.

"Q. And cars. You are familiar with the market value of these vehicles at the time that this truck was taken from you? A. Yes sir.

"Q. What would you say would be the reasonable market value of that truck at the time it was taken by the defendant? A. Well, I wouldn't know exactly about that, but I do know this, the truck was worth more when the truck was moved, so far as being better equipped, than it was when I got it.

"Q. Would you say then that it was worth more than $866.00? That was the price you stated was the purchase price? A. Yes sir.

"Q. And you state the reason for that would be the improvements made on it? A. Yes sir.

"Q. Had you driven that truck much during the time you had it? A. Not very much."

For the appellant Henry J. Goodman, Manager of the St. Louis Motors, testified

that the bank would mail weekly reports to them of past due accounts, and Mr. Henry Aldridge, in charge of the St. Louis Motors account for the bank would call every day and tell them, in reference to past due accounts: "pay the account off or collect the money."

In reference to appellee's account Mr. Goodman testified that Mr. Aldridge called him on the telephone, "and told me the Pelham account is past due, and we want the money, or I want the account paid out, and this was his ultimatum in all cases, we want the money or we want the account paid out. Of course, before we paid out the account we got the truck in this case."

There was evidence presented by the appellants tending to show the value of the truck at the time of its seizure to be between $175 and $200.

The evidence further shows that the contract was re-assigned by the bank to the appellants on 17 October 1951.

The points raised by appellants' assignments of error pertain in broad aspect to the sufficiency of the evidence to support the verdict.

Much of the brief of counsel is devoted to rights of a conditional vendor *after default*. The appellee's evidence tends to show that at the time of the repossession of the truck the bank, and not the appellants, was the owner of the conditional sales contract. There is further evidence tending to show that on 3 October 1951 the bank accepted payment of the installment due on 23 September 1951.

■■ When there has been a material breach of a contract, the injured party has an election either of continuing performance of the contract, or of repudiating the contract. Any act by the injured party, after breach, which shows that the contract is deemed in existence, amounts to a waiver of the breach. See 12 Am.Jur., Contracts, Sec. 390.

■ Specifically, the acceptance, without objection, after due date, of an install-

ment due under an installment contract, is a waiver of the time default. Paine v. Meier & Frank Co., 146 Or. 40, 27 P.2d 315, 29 P.2d 531; Lindsey v. Butte, 96 Cal. App. 465, 274 P. 428; Schultz v. Wells Butchers' Supply Co., 151 Wash. 382, 275 P. 737.

Upon acceptance by the bank of the installment on 3 October 1951, the conditional sales contract in this case was therefore restored to full force and effect. The next installment was not due until 23 October 1951. The act of the appellants in taking the truck on 4 October 1951 was therefore without legal sanction, and the principles governing repossession of property during default have no application.

It is further argued that since the date of the conversion was alleged in the complaint to have been on to-wit, the 12 day of September 1952, and the proof showed the repossession to have been on 4 October 1951, there was a fatal variance between the allegation and the proof.

■ This point was not raised in the proceedings below. Had it been it could readily have been cured by an amendment. It is therefore not such error as to cause a reversal. Circuit Court Rule 34, Code 1940, Tit. 7 Appendix; See also Woodward Iron Co. v. Mumpower, 248 Ala. 502, 28 So.2d 625.

An additional point argued by counsel for appellants is the sufficiency of the proof of damages to support the verdict.

■ If the evidence furnishes data for an approximate estimate of the amount of damages then it is sufficient to support the judgment. Bigbee Fertilizer Co. v. Scott, 3 Ala.App. 333, 56 So. 834.

■ Without objection the appellee testified that the value of his truck at the time of the conversion was more than $866. The court awarded damages of $800.

The evidence before the court, in our opinion, supported the judgment in this respect.

Affirmed.