SHORES, Justice.
This breach of contract case involves a pre-fab A-frame shell, the component parts of which the plaintiff, Jimmie Cochran, bought from Margaret Moquin, who also contracted to construct the shell. Ms. Mo-quin, who has a B.S. degree in nursing, spent a brief period as a dealer for Southern Structures, Inc., the manufacturer of the A-frame, during which time she made this, her only sale, to Cochran.
Under the terms of the contract, the plaintiff, Cochran, was to lay the foundation and complete the interior of the shell, once erected. Once the foundation was completed, Ms. Moquin’s son, Steve, assisted in placing the anchor bolts. This was incorrectly done, necessitating subsequent adjustment, and allegedly causing numerous problems in construction. When Steve was unable to raise the beams of the A-frame, Ms.. Moquin contracted with Caldwell Construction Company (Caldwell) to complete the structure in accordance with plans and specifications to be provided by Southern Structures via Ms. Moquin. There was evidence that she transmitted the wrong set of plans, which fact was not discovered until after completion of the structure.
After many problems and complaints, the three parties met in August and jointly negotiated a second contract which recited prior agreements, set forth the respective duties of the three parties, including certain tasks to be completed by Cochran before Caldwell, which was not a party to the first agreement, would proceed, and provided that disputes which arose as to work accomplished would be resolved by two designated architects.
Disputes did arise, and the architects were called in, made recommendations for changes which were complied with by Caldwell, and finally pronounced the structure sound. Not satisfied, plaintiff contacted Southern Structures, which replaced certain components at no cost to the buyer. Still not satisfied, Cochran filed this action against Caldwell and Moquin, who filed a cross-claim against Caldwell. After a non-jury trial on the merits, the trial judge entered a final judgment of $11,000.00 against Moquin. She appealed and contends, inter alia:
Proper performance by the defendants under the three-party contract precludes the imposition of damages against her under the prior contract between her and Cochran. She argues that proper performance was demonstrated by the ruling of the trial court that Caldwell was not liable to Cochran;
The damages awarded were excessive, and clearly included damages for the delay in completion based on the time schedule in the first contract, which is irrelevant;
Moquin is entitled to recover the balance of the purchase price from Cochran.
We affirm.
This case was tried ore tenus by the trial court on conflicting evidence. The trial court could have found from the evidence that it was the intention of the parties that the three-party contract did not supersede the first, but was intended mere *821 ly to modify or augment the first. On appeal, Ms. Moquin argues that the first contract was superseded by the second, thus necessarily arguing that by the second a novation was effected. However, to effect a novation, the parties must agree that the new agreement has that effect. 66 C.J.S. Novation § 11a. The evidence fully supports the court’s conclusion that Ms. Moquin remained liable on the first contract and that she was liable notwithstanding the fact that the court found that Caldwell had fully performed its part of the agreement.
We see no useful purpose to be served in detailing all of the evidence on the issue of damages. Suffice it to say that there is evidence to support the trial court’s finding in that regard. In fact, there was evidence to support an award in a greater amount. Therefore, we are not persuaded by Ms. Moquin’s argument that the judgment is due to be reversed because the court did not order Cochran to pay the balance of $3,000 agreed to be paid upon completion “as agreed to by . . . Mo-quin.” It could have given her credit for this amount in fixing Cochran’s damages or could have concluded that the structure was never completed “as agreed.” In either case, the judgment is due to be affirmed.
AFFIRMED.
TORBERT, C. J., and MADDOX, JONES and BEATTY, JJ., concur.