SENTELL, Clerk.
RULE 40(B), ALABAMA RULES OF JUDICIAL ADMINISTRATION — FEES AND COSTS — PREPARING CLERK’S RECORD AND RECORD ON APPEAL
Mr. Kyle Lansford, Circuit Clerk and Register, Shelby County, has submitted to me, as Clerk of the Supreme Court, pursuant to § 12-2-19(d), Code 1975, the following questions relating to the correct procedure for collecting costs for the preparation and transmission of the record on appeal in a civil case:
(1)Shall the cost be paid by the appellant at the time the appeal is completed and mailed?
(2) Shall the appellant pay for original copy which is mailed to the Supreme Court or Court of Civil Appeals, the additional three copies which are distributed to the attorneys for the appellant and appellee, and the copy that is retained in the office of the circuit clerk?
(3) Shall the circuit clerk collect the postage for mailing the copies?
(4) Shall the clerk hold the money collected for the preparation of the clerk’s record until the appeal has been finalized and the cost taxed?
The answer to the first question is that the appellant shall pay to the clerk of the trial court the costs of preparing the record on appeal at the time it is completed.
The answer to the second question is that the appellant shall pay for the original record on appeal and any additional copies that he may order.
The answer to the third question is that the circuit clerk shall not collect postage for mailing the original record on appeal to the appellate court.
The answer to the fourth question is in the negative.
I
Rule 40(B), Alabama Rules of Judicial Administration, prescribes the fees to be paid to clerks of the trial courts for services rendered in preparing, assembling, numbering, completing and binding the record on appeal, and for photocopying the pages required to be photocopied, and in filing certificates of completion in accordance with the Alabama Rules of Appellate Procedure.
Fees are compensation for services rendered by an officer in the progress of a cause. Bradley v. State, 69 Ala. 318, 321 (1881). See Opinion of Clerk, No. 10, October 25, 1977, 351 So.2d 570; see also County of Sutter v. Superior Court, 244 Cal.App.2d 770, 772, Note 2, (1966), 53 Cal.Rptr. 424-426; Dade County v. Strauss, Fla., 246 So.2d 137 (1971).
*408 Rule 10(b)(1), Alabama Rules of Appellate Procedure, provides that the appellant shall, within seven days after filing the notice of appeal, order and designate the parts of the clerk’s record to be presented on appeal.
Fees should be paid by the parties at whose instance services are rendered. South & North Ry. Co. v. Bradley, 84 Ala. 468, 4 So. 611 (1887); Northern v. Hanners, 121 Ala. 587, 589, 25 So. 817 (1898).
It is my opinion that fees for preparing the clerk’s record and completing the record on appeal should be paid by the appellant to the clerk of the trial court at the time the record on appeal is completed, as shown by the clerk’s certificate of completion.
II
The clerk of the trial court is required in a civil case on appeal to prepare only the original record except when a party notifies the trial clerk to prepare an additional photocopy of the record on appeal in lieu of an appendix, or unless otherwise ordered by the parties. Rules 10, 11 and 30(g), Alabama Rules of Appellate Procedure.
It is my opinion that the appellant should pay for only the original record on appeal and an additional copy that he may request to be filed in the appellate court. Parties who want a copy of the record on appeal should pay the clerk for a copy in accordance with the schedule stated in Rule 40(B), Alabama Rules of Judicial Administration.
III
Rule 11(a)(3), Alabama Rules of Appellate Procedure, provides that the clerk of the trial court shall file the record on appeal with the clerk of the appellate court. It is my opinion that the circuit clerk should not collect postage for mailing the original record on appeal to the appellate court. If any of the parties orders a second copy of the record to be filed in the appellate court or otherwise orders a copy of the record, the clerk should collect the postage for mailing from the parties ordering the copies. See Rule 30(g), Alabama Rules of Appellate Procedure.
IV
Rule 4(H), Alabama Rules of Judicial Administration, is as follows:
(H) The clerk and register shall, periodically, but in no event less than once a month, not later than the tenth day of each month, remit all fines, forfeitures and costs of court, including prepaid docket fees, to the official designated to receive such at the municipal, county and state level, as provided by law or rule.
It is my opinion that fees received by the clerk for services rendered to the appellant in preparing the clerk’s record and completing the record on appeal should be remitted in accordance with Rule 4(H) in the same way that prepaid docket fees are remitted.
The procedure concerning costs after the appellant has paid the fees for preparing the clerk’s record and the record on appeal is governed by Rule 35(c), Alabama Rules of Appellate Procedure, together with § 12— 22-76, Code 1975.
Costs are an allowance to a party for expenses incurred in the successful prosecution or defense of a suit. Bradley v. State, supra; see Opinion of Clerk, No. 10, supra. See also County of Sutter v. Superior Court, supra, and Dade County v. Strauss, supra.
Rule 35(c), Alabama Rules of Appellate Procedure, provides that the cost of producing necessary copies of the clerk’s record and the reporter’s transcript shall be taxable in the trial court. Section 12-22-76, Code 1975, is as follows:
Execution by lower courts for unpaid costs.
Clerks of the circuit court and probate judges, when cases have been taken from their respective courts to an appellate court by appeal or other lawful mode and been there decided, if the costs accruing in such lower courts for transcripts, or otherwise, are not paid by the parties against whom they were adjudged in the appellate court, may issue executions for costs, returnable into the court in which such costs accrued.
*409 If the appellee is ordered to pay the costs, the appellant has recourse to Rule 35(c), Alabama Rules of Appellate Procedure, and § 12-22-76, Code 1975, to reimburse him for the payment that he has made. See Loeb & Co., Inc. v. Martin, Ala., 349 So.2d 11 (1977); Ex parte General Mutual Insurance Company, 285 Ala. 445, 233 So.2d 230 (1970).