This is a breach of contract case.
The Circuit Court of Jackson County sitting without a jury awarded the plaintiff, Dwight Strother, $5,359 as damages. From this award, defendant, Rayford Farmer, appeals, and we affirm.
The record, viewed with the attendant presumptions, reveals the following: The plaintiff was employed by defendant as a salesman for an eight state area. The plaintiff was to receive 15% commission on direct sales and 8% commission on sales arranged through brokers. The defendant terminated plaintiff's employment shortly after the plaintiff obtained a large sales contract. Other orders were also in process. The plaintiff sued for breach of contract to recover his commissions from certain sales.
The sole issue on appeal is whether there was sufficient evidence to support the award by the court.
The defendant, through able counsel, contends the evidence was so conjectural and speculative that it would not support the judgment. We do not agree.
We see no useful purpose to be served in detailing all the evidence. Suffice it to say there was evidence presented in the form of copies of orders, plus testimony *Page 253 
by the plaintiff which was sufficient to support the trial court's finding in this matter. See Moquin v. Cochran,380 So.2d 819 (Ala. 1980). In fact, there was sufficient evidence to support a greater award.
Damages for breach of contract need not be assessed with mathematical precision. United Bonding Ins. Co. v. W.S. Newell,Inc., 285 Ala. 371, 232 So.2d 616 (1970). Mere uncertainty as to the amount will not preclude the right to recovery or prevent a decision awarding damages. All that is required is that the evidence, with as much certainty as the situation permits, lay a foundation with which the trier of fact may make a fair and reasonable estimate of the amount of damages. 22 Am.Jur.2d 44, Damages § 25 (1965), quoted with approval inUnited Bonding Ins. Co. v. W.S. Newell, Inc., supra.
We also note the verdict as to damages is favored with a presumption of correctness, and the reviewing court will not substitute its judgment for that of the trier of facts. MetzgerBros., Inc. v. Friedman, 288 Ala. 386, 261 So.2d 398 (1972).
There being evidence to support the trial court's award, the judgment is due to be affirmed. United Bonding Ins. Co. v.Newell, Inc., supra.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.