456 So.2d 833 (1984)
Alfred Preston RAYFORD III
v.
Mollie L. RAYFORD.
Civ. 4304.
Court of Civil Appeals of Alabama.
September 19, 1984.
*834 Herndon Inge, Jr. of Inge, McMillan & Inge, Mobile, for appellant.
James B. Rossler of Stout & Roebuck, Mobile, for appellee.
WRIGHT, Presiding Judge.
This is a child custody case.
The facts are not in dispute. Alfred Preston Rayford, III, appellant, and Mollie L. Rayford, appellee, were divorced by the Mobile County Circuit Court on October 17, 1980. The custody of their two minor children was awarded to the mother, with specific visitation rights awarded to the father. On his first weekend visit, appellant picked up the children from the appellee's house, but did not return them. After three years of searching, incurring large expenses for attorney fees, travel expenses and private investigators, the mother found her children in school in Mesquite, Texas. She secured their return to Alabama, where she filed a motion to modify the judgment of divorce and terminate the father's visitation privileges. She also moved to tax the defendant with the costs of finding and recovering the children. There was testimony by the mother of specific sums spent in the locating and recovery of her children. There was neither challenge nor dispute of such testimony. After hearing, the court found the father in criminal contempt and rendered the full punishment allowed by law. Though the father's visitation rights were not terminated, he was required to post a five thousand dollar ($5,000) bond to insure his future compliance with the judgment. The motion of the mother to assess defendant with her cost of recovering the children was granted and the cost was calculated by the court to be $16,790.29.
The father contends this is a special damages award which should be reversed because the claim for special damages was not specifically pleaded; there was no evidence of the existence or extent of damages; and the expenses were not shown to be reasonable or necessary. We affirm.
The father has not correctly defined the award in this case. We consider the award to be costs rather than damages. The two are different by their very natures. Damages are a pecuniary compensation or indemnity which may be recovered in the courts by any person who has suffered a loss, detriment or injury, whether to his person, property or rights, through the unlawful act or omission or negligence of another. Black's Law Dictionary (5th ed. 1979). On the other hand, costs are an allowance by the court to parties for the expenses of a successful prosecution or defense of a case. Opinion of the Clerk, 400 So.2d 406 (Ala.1981); Alabama Rules of Civil Procedure 54(d). In the case sub judice, the costs were the result of expenses incurred in the successful enforcement of a prior custody decree.
In suits in equity, the allowance of costs rests in the discretion of the court. Water Works Board of Town of Parrish v. White, 281 Ala. 357, 202 So.2d 721 (1967). On appeal, a decree will be reversed only for abuse of discretion in the matter of taxation of costs. Harrington v. Texaco, Inc., 339 F.2d 814 (5th Cir.1964), cert. denied, 381 U.S. 915, 85 S.Ct. 1538, 14 L.Ed.2d 435 (1965); City of Birmingham v. City of Fairfield, 396 So.2d 692 (Ala. 1981). An improper exercise of discretion appears when the record, after indulging all fair intendments in favor of the ruling, discloses the taxation of costs was unfair and unjust. Walden v. Walden, 277 Ala. 459, 171 So.2d 851 (1965); Dozier v. Payne, 244 Ala. 476, 14 So.2d 376 (1943).
*835 In applying this standard of review, we note the strong public policy against parental kidnapping. See, Uniform Child Custody Jurisdiction Act, § 30-3-20, Code of Alabama 1975 (1983 Repl.Vol.); Parental Kidnapping Prevention Act of 1980, 28 U.S.C. § 1738A. Such legislation was passed to prevent such kidnapping and the harm that results to children and to promote stability and security in the child's homelife. UCCJA, § 30-3-21, Code 1975 (1983 Repl. Vol.). This public policy and legislative intent lead us to the conclusion that the award in this case was neither unjust nor unfair. Our conclusion is further supported by § 30-3-35(b) of the Code, which awards just such expenses to the prevailing party in enforcing an out-of-state custody decree.
We further note, however, that similar awards or assessments have been approved by this court in the case of Lewis v. Douglass, 440 So.2d 1073 (Ala.Civ.App. 1983). In that case, probably in response to issue presented and argued on appeal, this court approved the award using the term "damages." However, the sum requested, as in this case, represented "costs, expenses and attorney fees" incurred in recovering a child by those with legal custody. In each case there was involved a contempt proceeding. We are of the opinion that such an award in a similar case could be made as costs without requirement of a finding of contempt. This may be done under the broad equity powers of the court in child custody matters to adjust the equities between the parties. Ex parte Handley, [Ms. July 20, 1984] (Ala.1984). To conclude, it matters little in this case, whether characterized as damages or costs, we are of the opinion there is no error in the award.
AFFIRMED.
HOLMES, J., concurs.
BRADLEY, J., concurs specially.
BRADLEY, Judge, concurring specially:
I concur with the result reached by the majority; however, I disagree with the rationale used regarding the funds spent by the mother in locating and securing the return of the children. The majority characterizes the award to the mother as costs of litigation. I consider the award to be damages.
At the outset it is important to note that the money at issue, $16,790.29, was awarded by the trial court as expenses paid by Mrs. Rayford in recovering the children. It also awarded $150.00 attorney's fees and jailed Mr. Rayford for contempt. I dissent only as to the characterization of the recovery for Mrs. Rayford in securing her children.
The majority is correct in saying that costs and damages are different by their natures. Costs are allowed for the prosecution or defense of a case. Opinion of the Clerk, 400 So.2d 406 (Ala.1981). However, the expenses at issue were not incurred in prosecuting or defending the present case but are for reimbursement of a loss. Damages deal with recompense for losses and injuries suffered. C. McCormick, Handbook of the Law of Damages 1 (1935). Damages are for recovery of a loss or injury at the hands of another. C. Gamble & D. Corley, Alabama Law of Damages § 1-1 (1982).
Here, the recovery at issue is for the mother's out-of-pocket expenses in locating and recovering her children, not for the expenses generally directly linked to the process of litigation.
The Restatement (Second) of Torts § 700, Comment c (1977), states that, "One parent may be liable to the other parent for the abduction of his own child if by judicial decree the sole custody of the child has been awarded to the other parent." The section allowing this award is headed "Damages" which includes "any reasonable expenses incurred by him in regaining custody of the child." Comment g. And it looks to situations just like the one at bar where a parent without custody wrongfully abducts a child from the parent with custody.
*836 Loss of a child's services (actual or constructive) is an actionable tort for which a parent "is allowed to recover damages for deprivation of the child's society, expenses to which he has been put in recovering it, and the wound to his own feelings." W. Prosser, Handbook of the Law of Torts § 124 (4th ed. 1971) (footnotes omitted, emphasis added). Again, the recovery is characterized as damages and not merely as costs of litigation.
In Plante v. Engel, 124 N.H. 213, 469 A.2d 1299 (N.H.1983), the mother, contrary to a divorce decree granting the father permanent custody, took the children from New Hampshire to Texas without their father's knowledge or permission. The maternal grandparents assisted the mother. The court held "where a parent has been awarded custody of a child by court decree and the noncustodial parent abducts the child, an action will lie in favor of the custodial parent upon an allegation of damages." Plante, supra (emphasis added).
In Rosefield v. Rosefield, 221 Cal.App.2d 431, 34 Cal.Rptr. 479 (1963), the appellate court reversed the lower court, allowing the mother an action for damages suffered in locating her child which had been abducted and hidden by the child's father and paternal grandfather.
It is important to note that when much of the expense at issue was incurred this case was not directly before the trial court. On October 3, 1980 Mrs. Rayford filed a motion for instanter custody which would empower the sheriff to place the children immediately into her custody when they were found. This motion was granted. However, on August 10, 1981 a judgment of dismissal of the action was entered for lack of prosecution. Thus, the custody issue was not directly before the trial court.
The expenses for which reimbursement is sought in the case at bar are the type historically and generally characterized as damages. See Lewis v. Douglass, 440 So.2d 1073 (Ala.Civ.App.1983). They are to recompense a pecuniary injury. They were not incurred in preparing a case for trial, for which one could expect reimbursement in the form of an award of costs of litigation.
The majority's conclusion in this case is correct. I dissent only from their excursion from the mainstream approach to differentiating between costs and damages in situations such as the present one. A careful reading of the literature and cases leads me to the conclusion that it is error to blur the lines between costs and damages in this way.
Again, regardless of how the award is characterized, I agree that an award to the wife was properly made. An award of damages by a trial court after an ore tenus hearing is presumed correct. Farmer v. Strother, 423 So.2d 252 (Ala.Civ.App.1982). If evidence presented furnishes enough for an approximate estimate of the amount of damages, it is sufficient to support the judgment. Roan v. Johnson, 38 Ala.App. 209, 84 So.2d 379 (Ala.Ct.App.1955). There is ample evidence from the record to support the award given. However, the award is better characterized as damages than as costs of litigation.