I concur with the result reached by the majority; however, I disagree with the rationale used regarding the funds spent by the mother in locating and securing the return of the children. The majority characterizes the award to the mother as costs of litigation. I consider the award to be damages.
At the outset it is important to note that the money at issue, $16,790.29, was awarded by the trial court as expenses paid by Mrs. Rayford in recovering the children. It also awarded $150.00 attorney's fees and jailed Mr. Rayford for contempt. I dissent only as to the characterization of the recovery for Mrs. Rayford in securing her children.
The majority is correct in saying that costs and damages are different by their natures. Costs are allowed for the prosecution or defense of a case. Opinion of the Clerk,400 So.2d 406 (Ala. 1981). However, the expenses at issue were not incurred in prosecuting or defending the present case but are for reimbursement of a loss. Damages deal with recompense for losses and injuries suffered. C. McCormick, Handbook of the Lawof Damages 1 (1935). Damages are for recovery of a loss or injury at the hands of another. C. Gamble D. Corley, AlabamaLaw of Damages § 1-1 (1982).
Here, the recovery at issue is for the mother's out-of-pocket expenses in locating and recovering her children, not for the expenses generally directly linked to the process of litigation.
The Restatement (Second) of Torts § 700, Comment c (1977), states that, "One parent may be liable to the other parent for the abduction of his own child if by judicial decree the sole custody of the child has been awarded to the other parent." The section allowing this award is headed "Damages" which includes "any reasonable expenses incurred by him in regaining custody of the child." Comment g. And it looks to situations just like the one at bar — where a parent without custody wrongfully abducts a child from the parent with custody. *Page 836 
Loss of a child's services (actual or constructive) is an actionable tort for which a parent "is allowed to recoverdamages for deprivation of the child's society, expenses towhich he has been put in recovering it, and the wound to his own feelings." W. Prosser, Handbook of the Law of Torts § 124 (4th ed. 1971) (footnotes omitted, emphasis added). Again, the recovery is characterized as damages and not merely as costs of litigation.
In Plante v. Engel, 124 N.H. 213, 469 A.2d 1299 (N.H. 1983), the mother, contrary to a divorce decree granting the father permanent custody, took the children from New Hampshire to Texas without their father's knowledge or permission. The maternal grandparents assisted the mother. The court held "where a parent has been awarded custody of a child by court decree and the noncustodial parent abducts the child, an action will lie in favor of the custodial parent upon an allegation ofdamages." Plante, supra (emphasis added).
In Rosefield v. Rosefield, 221 Cal.App.2d 431, 34 Cal.Rptr. 479
(1963), the appellate court reversed the lower court, allowing the mother an action for damages suffered in locating her child which had been abducted and hidden by the child's father and paternal grandfather.
It is important to note that when much of the expense at issue was incurred this case was not directly before the trial court. On October 3, 1980 Mrs. Rayford filed a motion for instanter custody which would empower the sheriff to place the children immediately into her custody when they were found. This motion was granted. However, on August 10, 1981 a judgment of dismissal of the action was entered for lack of prosecution. Thus, the custody issue was not directly before the trial court.
The expenses for which reimbursement is sought in the case at bar are the type historically and generally characterized as damages. See Lewis v. Douglass, 440 So.2d 1073 (Ala.Civ.App. 1983). They are to recompense a pecuniary injury. They were not incurred in preparing a case for trial, for which one could expect reimbursement in the form of an award of costs of litigation.
The majority's conclusion in this case is correct. I dissent only from their excursion from the mainstream approach to differentiating between costs and damages in situations such as the present one. A careful reading of the literature and cases leads me to the conclusion that it is error to blur the lines between costs and damages in this way.
Again, regardless of how the award is characterized, I agree that an award to the wife was properly made. An award of damages by a trial court after an ore tenus hearing is presumed correct. Farmer v. Strother, 423 So.2d 252 (Ala.Civ.App. 1982). If evidence presented furnishes enough for an approximate estimate of the amount of damages, it is sufficient to support the judgment. Roan v. Johnson, 38 Ala. App. 209, 84 So.2d 379
(Ala.Ct.App. 1955). There is ample evidence from the record to support the award given. However, the award is better characterized as damages than as costs of litigation.