This appeal is from a judgment by the Circuit Court of Dallas County in which the plaintiff was awarded damages in the amount of $2,595.73 plus costs. The judgment arose out of plaintiff's suit against defendant for breach of contract and failure to perform work in a workmanlike manner.
Plaintiff, Shannon Laramore, contacted defendant, Frank Chestnut, for the purpose of doing repair and remodeling work at plaintiff's apartment. No written contract was entered into by the parties, but defendant did begin to work on the repairs requested by plaintiff.
Plaintiff asserts that she obtained a $4000 loan and told defendant to make certain repairs to make the apartment "livable." Defendant asserts that he was only to work on plaintiff's list of repairs until the $4000 was expended.
The law in Alabama is established that if a trial judge hears ore tenus evidence, his findings have the weight of a jury verdict and will only be reversed on appeal if shown to be plainly erroneous or manifestly unjust. Gann Lewis RoofingCo. v. Sokol, 359 So.2d 815 (Ala.Civ.App. 1978). For this court to reverse the trial court, the record must show that no credible evidence exists to support the trial court's findings.Gann.
We have examined the evidence and find it sufficient to support an offer and acceptance. Plaintiff testified that defendant agreed to complete certain repair work for her for the amount of $4000. She testified defendant was to do the work so the apartment would be livable. Defendant testified to the contrary. He stated he was only to do repair work until the $4000 was expended.
In cases where there is conflicting evidence, the trial court is "free to choose which evidence [it] believe[s]" and, further, it is the trial court's "responsibility to resolve the conflicts." Watkins v. Montgomery Days Inn, 455 So.2d 23
(Ala.Civ.App. 1984).
It is not this court's duty to weigh evidence; instead, we should "indulge in all favorable presumptions to sustain the trial court" and only reverse on a showing that the court's judgment was plainly erroneous or manifestly unjust.Gann. Here, we *Page 1072 
find evidence to support the court's finding, and we affirm.
We also find, upon an examination of the evidence, that it supports a determination that the agreed upon repairs were never completed nor done in a workmanlike manner.
One builder, who later did repair work at plaintiff's apartment, testified that some of the defendant's work was done incorrectly and not in a workmanlike manner. Likewise, the testimony of a general contractor was that "the workmanship and the quality of work and material utilized [were] extremely [deficient] at best." This testimony also supports the court's judgment.
Defendant further maintains that the damages amount awarded was both excessive and arbitrary.
Simply because the amount of damages in a breach of contract case cannot be assessed precisely does not preclude the right to a damages award. Farmer v. Strother, 423 So.2d 252
(Ala.Civ.App. 1982). "All that is required is that the evidence, with as much certainty as the situation permits, lay a foundation with which the trier of fact may make a fair and reasonable estimate of the amount of damages." Farmer.
Additionally, when the trial court hears evidence on damages, we will reverse only if no credible evidence supports its determination. Gann. Having found evidence from which the court could determine an award for plaintiff, we affirm.
We do note that the defendant apparently raises an argument, on appeal, that the consolidation of plaintiff's suit against defendant with defendant's suit against plaintiff for work and labor done somehow resulted in less than a complete adjudication of all the issues. However, this assertion arises for the first time on appeal.
Only errors that are asserted and then ruled on by the trial court may be raised on appeal. Dennis v. Scarborough,372 So.2d 357 (Ala.Civ.App. 1979); Rule 4(a)(3), Alabama Rules of Appellate Procedure.
AFFIRMED.
INGRAM, P.J., and RUSSELL, J., concur.