ROBERTSON, Presiding Judge.
Sears, Roebuck and Company (Sears) filed a complaint in the Circuit Court of Coffee County, alleging that Junia Boley and Kenneth Boley owed Sears $7,862.81 for merchandise purchased on an open account and for which they had failed to pay.
The Boleys are divorced, and each answered Sears’s complaint separately. Kenneth Boley denied any indebtedness to Sears and further alleged that Junia Boley forged his name on the contract pursuant to which the merchandise was purchased. Junia Boley answered and denied the allegations of Sears’s complaint.
Kenneth Boley also filed a cross-claim against Junia Boley in which he realleged that Junia Boley forged his signature on the contract with Sears and, consequently, that any sums adjudged due against him should be paid by Junia Boley.
A hearing was held on the issues, with the trial court receiving ore tenus evidence. Following said hearing, the trial court determined that Sears had a valid contractual claim against Kenneth Boley. Based on *563 this finding, the trial court entered its judgment in favor of Sears and against Junia Boley and Kenneth Boley.
The trial court also entered a subsequent order in which it determined that the cross-claim of Kenneth Boley was moot. Kenneth Boley then filed a motion for new trial, which was denied.
Kenneth Boley appeals, asserting that the trial court created fundamental error in holding that he was liable for “a felonious commission perpetrated by his estranged spouse.” However, we note that the law he asserts as applicable to his argument consists of various provisions of the Uniform Commercial Code.
This case was tried on Sears’s complaint, which was in the nature of a suit on open account. It was not tried on the theory of negotiable instruments, and the trial court made no rulings concerning the applicability of §§ 7-3-401(1), -403(2) and -404(1), Code 1975. Additionally, no mention of negotiable instruments or the Uniform Commercial Code was made in Mr. Boley’s motion for new trial.
When an appellant asserts an issue upon which there was no adverse ruling by the trial court and, further, which seeks review based on statutory provisions upon which a case was not tried, it is not properly before us on appeal. Pepsi-Cola Bottling Co. v. Colonial Sugars, Inc., 423 So.2d 190 (Ala.1982). Issues raised on appeal, but not addressed in pleadings or at trial, will not be considered on appeal. Durden v. Furniture Fair of Dothan, Inc., 348 So.2d 1375 (Ala.1977).
Although we find that Kenneth Bo-ley seeks review of this case on a theory upon which the case was not tried, we do note the following. Junia Boley testified at trial that, at the time the home improvement account was opened with Sears, she was married to the appellant, Kenneth Bo-ley, who was living in Maryland due to a job transfer. Further, she testified that she signed her husband’s name to the credit application.
Kenneth Boley did not testify at trial. Instead, he submitted his affidavit in which he stated that the signatures on the documents were not his and were made without his authorization and knowledge. However, Junia Boley testified that she had permission from her husband to open the account and sign his name.
Specifically, Junia Boley testified that, at the time the improvements were made, their home was for sale due to her husband’s job transfer. Additionally, she testified that the home improvement purchases were made in an attempt to help sell the house faster. She further testified that Kenneth Boley came back to the home in Alabama on visits and saw the new carpet and the washer and dryer. In short, her testimony was that, although she signed her husband’s name to the credit application, Mr. Boley had given her his permission to do so.
When a trial court receives ore tenus evidence, its findings have the weight of a jury verdict and will be reversed by this court only if those findings are shown to be plainly and palpably wrong. Chestnut v. Laramore, 560 So.2d 1070 (Ala.Civ.App.1990).
We have examined the evidence and find it sufficient to support a finding that Junia Boley had authority to sign her husband’s name. We recognize that the evidence was conflicting on this issue. However, in cases where conflicting evidence is presented, the trial court has the freedom to choose which evidence it believes, and, additionally, it is the trial court’s responsibility to weigh the evidence and to resolve such evidentiary conflicts. Chestnut. Further, this court will not reverse unless the record shows that no credible evidence exists to support its findings. Chestnut.
Here, we find evidence to support the trial court’s findings, and the judgment of the trial court is due to be affirmed.
Mr. Boley’s request for an attorney’s fee on appeal is denied.
AFFIRMED.
THIGPEN and RUSSELL, JJ„ concur.