14 So.2d 376

### DOZIER v. PAYNE.

4 Div. 293.

Supreme Court of Alabama.

June 24, 1943.

O. S. Lewis, of Dothan, for appellant.

No attorney marked for appellee.

BOULDIN, Justice.

■ This appeal is to review the decree of the court below taxing the successful complainant in equity with all the costs of suit, amounting to $29.25. The taxation of costs in equity causes is governed by Equity Rule 112, Code 1940, Tit. 7, Appendix, which, in pertinent part, reads: "Costs will be imposed by the court or judge having jurisdiction at such times during the litigation as he deems proper, subject to correction for improper exercise of his discretion, and may be apportioned by him between the parties * * *."

This rule needs no elaboration. It follows the long established rule in equity vesting in the chancellor a discretion in the taxation of costs; but, says the rule, "subject to correction for improper exercise of his discretion." An "improper" exercise of discretion appears when the record, after indulging all fair intendments in favor of the ruling, discloses the taxation of costs was unjust and unfair. Otherwise the action of the trial court should not be disturbed.

■ The general rule at law, usually followed in equity, is to award the costs in favor of and not against the successful party in the suit. As a rule this is just. Apportionment of costs may be just in many instances dependent upon the particular case. Looking to this record, we find the bill was filed by the purchaser against the vendor to enforce specific performance of an executory contract in writing for the purchase of a house and lot in Dothan.

The contract was dated October 23, 1936. Its material stipulations were: "The said Henry Dozier agrees to pay for said house and lot the sum of Eight Hundred and Fifty Dollars, payments to be made as follows: Twenty-five Dollars down and ten dollars ever successive month thereafter until the entire amount of said purchase money Eight Hundred and Fifty Dollars, together with interest at the rate of 6% per annum, interest payable annually and all taxes shall have been paid; and upon the payment of the last installment, as above set forth, I hereby agree to execute to the said Henry Dozier a deed conveying all of my right, title and interest in and to the above described property."

The bill filed November 27, 1942, alleged complainant had paid a total of $948 on the purchase price, and being desirous of paying the balance, "requested of defendant a statement of amount due, and he stated it was $265.00, whereupon, defendant requested the defendant to make out an itemized statement, as he did not feel that he owed that much, and employed O. S. Lewis, an attorney of Dothan, Alabama, to obtain this for him, but defendant has failed and refused to furnish such statement, and plaintiff avers he does not owe defendant $265.-00, demanded by him; that he is an uneducated negro and does not know how to calculate interest, but he is informed and believes, and upon such information and belief, states, that he only owes defendant a little over $100, but whatever he owes on the purchase price of said property he stands ready, able and willing to pay, and hereby offers to do equity."

The respondent made no answer, suffered a decree pro confesso, and appeared in person on a reference to ascertain the amount still unpaid.

Without dispute complainant's attorney had written defendant two letters asking for a statement, the second letter being dated October 22, 1942. Mr. Lewis testified: "After that letter was written Mr. Payne came to the office and said that Henry Dozier owed him $265. I asked him to give me an itemized statement so I could see exactly how it was and he said he wasn't doing that, that he would make a deed to the property upon the payment of $265 and that's all he would do. Not being able to get an itemized statement from Mr. Payne, I filed this bill for Henry Dozier to enforce this contract."

On the reference respondent rendered a statement showing payments of $895, which covered the principal $850 and $45 to be applied to the interest, leaving unpaid interest $155.34, and $72.80 taxes paid by defendant on the property for several years, 1936 to 1942, inclusive, making a total of $228.14 still unpaid. This statement was reported correct by the register, and was confirmed by decree of the court. The costs in the case were all incurred at complainant's instance. If they were needless-

478

ly incurred, the taxation of costs against him should not be disturbed.

This case should not be confused with a statutory demand for a statement of lawful charges on statutory redemption. If the amount due was ascertainable from data available to complainant as readily as to defendant, and complainant desired to pay it off, the duty was on him to calculate the amount and tender it to defendant. As for the amounts and dates of payments on the purchase price, the purchaser (complainant) did have all such data. The vendor (defendant) had taken the pains to enter on the duplicate contract held by the purchaser the date and amount of each and every payment made through the years, save the last payment, for which a receipt was given and held by the purchaser.

But the case was different as to the amount due for taxes paid by the vendor. By the contract the purchaser was to keep up these taxes; but admittedly the vendor had later told him not to bother about it; that he, the vendor, would take care of the taxes, and the purchaser could pay him on final settlement of the transaction. This arrangement would naturally suggest to the purchaser to go to the tax records to see what taxes the vendor had paid. But the tax records did not show any taxes paid by the vendor.

The register, on reference, ascertained through the vendor, the tax assessor and tax collector that this lot and other properties had been assessed through all these years in the name of Mrs. Ada Smith, and taxes paid by L. E. Payne, the defendant.

Accordingly, the register reported the taxes had been paid by the defendant, and the correct amount $72.80, as per statement of defendant. Complainant excepted to the report of the register on the ground that the records disclosed a tax lien on the lot in favor of Ada Smith, and prayed that Ada Smith be brought into court to adjudicate that question. This was done, and Ada Smith filed her disclaimer to any lien or charge on the property. Thus the correctness of the report of the register was verified. Since Ada Smith was a resident of Dothan, easily available to complainant, so far as appears, we see no reason why the complainant did not verify the report of the register by conference with her, instead of adding costs to bring her into court to verify the finding of the register. As to this extra cost, we think there was no abuse of discretion in taxing same against complainant.

But returning to the institution of the suit, it was confessed and shown by complainant's evidence that the defendant not only declined to furnish a statement, which, in part, involved data not readily available to complainant, but made a definite demand for a fixed sum in excess of the amount due, in effect a demand for payment of $265, as a condition to acquiring a deed to the property.

In this state of the case the taxation of the entire costs against the successful complainant was an "improper exercise of his discretion" within Equity Rule 112. While the sum involved is small, we have given the matter careful consideration. Justice is as sacred in small affairs as in greater.

Within the thirty-day period, complainant applied for rehearing and modification of the decree touching taxation of costs. The rehearing was denied. While that ruling is not reviewable on appeal, we commend the practice of thus bringing the matter to the special attention of the court, and maybe avoiding the necessity of an appeal from the final decree to review the error.

We have not overlooked our line of decisions to the effect that a decree in equity will not be reversed for abuse of discretion in matter of taxation of costs. Allen v. Lewis, 74 Ala. 379. Yet our later cases do correct the decree in this respect on appeal, although there be no merit in any other question raised by appellant on appeal. Sibley v. Hutchison, 218 Ala. 440, 118 So. 638. In Kinney v. White, 215 Ala. 247, 110 So. 394, wherein the court below entered a decree pursuant to directions from this court, it was held any abuse of discretion in taxation of costs would be here subject to review.

The order taxing costs is a final order, although incident to, and part of, the final decretal orders making disposition of the cause.

We think the wording of Rule 112 was carefully thought out. It expressly declares the taxation of costs subject to correction for improper exercise of discretion. We think the natural and appropriate method of presenting the question is by appeal, although the only error insisted upon and the proper order here is one cor-

recting the decree in that regard. Such we conclude is the intent of Rule 112.

The decree with respect to taxation of costs is here corrected to tax complainant with $5, and defendant with the remaining costs of suit in the court below. Let the costs of appeal in this court and the court below be taxed against appellee.

Decree corrected and as corrected affirmed.

GARDNER, C. J., and FOSTER and LAWSON, JJ., concur.