93 So.2d 489

### G. W. WALDEN

v.

### A. D. WALDEN et al.

4 Div. 904.

Supreme Court of Alabama.

March 14, 1957.

Alto V. Lee, III, and Huey D. McInish, Dothan, for appellant.

Halstead & Whiddon, Headland, for appellees.

LAWSON, Justice.

This bill was filed in the circuit court of Henry County, in equity, in November of 1955 by G. W. Walden against A. D. Walden and Mrs. Bannie Womack. The bill alleges that the conplainant, G. W. Walden, owns an undivided one-half interest in certain described real property situate in the town of Headland and that each of the respondents owns an undivided one-fourth interest in that property, which interest they inherited from their father, D. A. Walden, Jr., who died intestate in 1943.

The bill seeks a sale of the suit property for division of proceeds and an accounting by the respondents of the rents received by their father from third persons during his lifetime as a co-tenant of the complainant and of the rents received by the respondents from third persons since the death of their father.

From a decree sustaining a demurrer addressed to the aspect seeking an accounting of the rents received by the father of the respondents during his lifetime, the complainant has appealed to this court.

The bill as last amended avers, in pertinent parts, that at the time of his death D. A. Walden, Jr., had not accounted to the complainant for the latter's share of "a large amount of cash rentals, the amounts of which are unknown" to complainant; that upon the death of D. A. Walden, Jr., the complainant and the respondent A. D. Walden, acting for himself and as the duly authorized agent of his sister, Mrs. Bannie Womack, agreed that A. D. Walden was to assume and take over the rental accounts "together with the amount thereof then on hand and formerly collected by the said D. A. Walden, Jr.," and that A. D. Walden on request of complainant was to make a full accounting to the complainant of all rents collected by the said A. D. Walden and of all rents collected by D. A. Walden, Jr., during his lifetime which came into the hands of the respondent A. D. Walden upon the death of D. A. Walden, Jr. The bill alleges that the aforesaid agreement was recognized at all times until approximately ninety days prior to the institution of this suit when the respondent A. D. Walden refused the request of complainant for the payment to him of his share of the net rentals which the said A. D. Walden had received upon the death of his father, which rentals had been collected by the father during his lifetime.

We do not understand the position of the complainant to be that he is entitled to a personal judgment against the respondents for the sum due him by D. A. Walden, Jr., at the time of the latter's death or that complainant seeks to have that sum paid to him out of proceeds of the sale of the suit property.

In regard to the rentals collected by D. A. Walden, Jr., during his lifetime, it is our understanding of the averments summarized and recited above and of the part of the prayer seeking an accounting, that the complainant is merely asking for an accounting of a fund impressed with a trust.

■ Under the rule in this state D. A. Walden, Jr., in receiving rents from third persons for the use of the common property became a trustee for the amount collected for the benefit of his co-tenant, G. W. Walden, the complainant in this case. Faust v. Faust, 251 Ala. 35, 36 So.2d 232.

■ We think the bill sufficiently shows that trust funds came into the hands of the respondent A. D. Walden, who was acting not only for himself but for his sister, Mrs. Womack. Aside from any promise made by A. D. Walden to the complainant, upon the death of D. A. Walden, Jr., relative to the trust funds, the fact remains that A. D. Walden and Mrs. Bannie Womack cannot be conceived as standing on any other or better relation to the trust monies than that which D. A. Walden, Jr., would have occupied if a living respondent in this suit. See Noble v. Noble, 198 Cal. 129, 243 P. 439, 43 A.L.R. 1235.

In view of the foregoing we are constrained to disagree with the conclusion

reached by the learned trial court that there is no equity in that aspect seeking an accounting of the rents which D. A. Walden, Jr., collected during his lifetime and which came into the possession of the respondents at his death.

The decree of the lower court will in that respect be reversed and one will be rendered here overruling the demurrer to that aspect.

The respondents below are given twenty days from the date on which the decree of this court reaches the register of the circuit court of Henry County, in equity, within which to plead further in this cause if they be so advised.

Reversed, rendered and remanded.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.