171 So.2d 851

**Marie P. WALDEN et al.**

v.

**A. D. WALDEN et al.**

4 Div. 196.

Supreme Court of Alabama.

Jan. 21, 1965.

Rehearing Denied Feb. 25, 1965.

Halstead & Whiddon, Headland, for appellees.

MERRILL, Justice.

This appeal is from a decree denying complainants the right to have certain real property sold for division, or for an accounting of rents, and dismissing the bill. The costs were assessed against the defendants and they have cross-assigned errors as to that feature of the decree. On prior appeal in 1957, this court had held that the accounting aspect of the bill contained equity. Walden v. Walden, 265 Ala. 667, 93 So.2d 489.

D. A. Walden, Jr. and G. W. Walden were brothers and, prior to 1932, were engaged in the automobile business in Roanoke, Alabama, and were jointly engaged in lending money on mortgage security in Henry County. In 1927, the property which is the basis of this suit, consisting of a tract of land on which was a larger house and three tenant houses, and which had been owned by their father, was sold for division among the joint owners, and the register reported that D. A. Walden, Jr. had made the best bid of $3,475; this report was confirmed and the register was ordered to execute a deed to D. A. Walden, Jr. for the property. There was no evidence that the deed was ever executed or delivered, and it was not recorded.

In 1932, the Walden brothers liquidated their business in Roanoke and they "fell out" with each other and neither ever had

J. Hubert Farmer and Lee & McInish, Dothan, for appellants.

any further dealings with the other or ever spoke to the other again.

D. A. Walden, Jr. had a heart attack in 1934 and his son, A. D. Walden, one of the respondents, took over the management of his father's business. D. A. Walden, Jr. died in 1943. His sole heirs were his widow, now deceased, and the respondents, A. D. Walden and Mrs. Bannice Womack, son and daughter respectively.

About ninety days before this suit was filed in November, 1955, G. W. Walden asked his nephew, A. D. Walden, for an account of the rents from the property. This was the first business dealings between the two families since 1932. A. D. Walden gave him a copy of his records showing the rents collected since January 14, 1939. He (A. D.) was then informed by G. W. that G. W. claimed a one-half interest in the property, and when A. D. refused to recognize the claim, the original bill was filed.

G. W. Walden died in 1960 before the cause was tried, and the suit was revived in the name of his widow, Marie P. Walden, individually and as executrix of his estate.

The pertinent evidence for complainant, Marie P. Walden, was that she remembered a conversation between her husband and D. A. Walden, Jr. in 1927, about the land which was going to be sold for division, and that they agreed to buy it in jointly at the sale. Sometime after the sale, she remembered seeing a cancelled check in their bank statement from her husband to D. A. Walden, Jr. for "between seventeen and eighteen hundred dollars. I think it was $1742," but the check had been lost and both she and her husband had searched for it but had not found it. She also testified that she did not think the check was for some other business transaction they had and she assumed that it was for one-half the purchase price of the property here involved.

The tax assessments showed assessments in 1927 to the D. A. Walden Estate; 1928 to D. A. Walden and G. W. Walden; 1932– 1935, Walden Motor Co. and G. W. Walden; 1936–1950, D. A. and G. W. Walden; 1951–1961, A. D. and G. W. Walden.

A. D. Walden had found an account in his father's business (Walden Motor Co.) which credited to D. A., Jr. and G. W. Walden the amount of $394.58 but he did not know the source or reason for the account. However, he kept an account of the rents of the property and kept the record in this same account to the credit of D. A. Walden, Jr. and G. W. Walden. At the time of the trial it amounted to $4,138.57.

The pertinent evidence for respondents was that the court file of the sale for division showed that the sale was made to D. A. Walden, Jr., was confirmed and a deed ordered executed to him. We quote from the trial court's decree:

"The uncontradicted testimony in this cause shows that D. A. Walden, Jr., purchased the real estate involved in this suit on the 5th day of December, 1927; that he remained in the possession and control thereof until his death on September 25, 1943, and that A. D. Walden, son of D. A. Walden, Jr., and one of the defendants in this suit, has been in the possession and control of said real estate since the death of his father, D. A. Walden, Jr.; that G. W. Walden, now deceased, made no claim of any interest in said real estate, nor complaint with reference to its possession and control, to A. D. Walden after the death of D. A. Walden, Jr., until he filed the original bill of complaint in this cause on November 14, 1955, about twenty-eight years after the purchase of said real estate by D. A. Walden, Jr., and about thirteen years after the death of the said D. A. Walden, Jr., nor is there any indication by proof that the said G. W. Walden ever made any such claim or complaint to D. A. Walden, Jr."

The rule is that after confirmation by the court of a sale for division, the title and the rights of the purchaser relate

back to the date of the sale. Clark v. Whitfield, 218 Ala. 593, 119 So. 631; Patten v. Swope, 204 Ala. 169, 85 So. 513; Thomas v. Caldwell, 136 Ala. 518, 34 So. 949. Under this rule, D. A. Walden, Jr. became the holder of record title under the order confirming the sale, and the burden was then cast upon appellants to show "title to the land or a perfect equity in an interest in the land." Copeland v. Copeland, 242 Ala. 507, 7 So.2d 87.

█ In addition, it was undisputed that G. W. Walden had lived within one and one-half miles of the property from the time he moved back to Headland from Roanoke in 1932, and even though he was estranged from his brother, who had the sole and exclusive possession and management of the property, on which extensive repairs had been made and one small house had burned, yet G. W. had made no claim of any sort for twenty-eight years.

A. D. Walden testified that he did not know why the property was assessed both to his father and G. W. Walden, but he continued to leave it as it had been assessed before he began managing his father's business.

The trial court held that the testimony submitted in support of the amended complaint did "not authorize or justify a decree of the Court in favor of the plaintiffs; that the burden of proof cast upon the plaintiffs has not been sufficiently met."

We cannot hold that the trial court, on the record before us, erred in holding that the evidence was insufficient to sustain the amended bill and that part of the decree is due to be affirmed.

█ Consideration is now given to appellees' cross-assignment of errors relating to the costs. The trial court said:

"Stretching equity to the near breaking point, this Court taxes the total costs incurred in this suit against the defendants, which said costs may be paid out of the much discussed 'joint rent account', * * *."

Equity Rule 112, Tit. 7, Appendix, permits the court to assess costs "as he deems proper, subject to correction for improper exercise of his discretion, * * *."

The three cases cited by appellees hold that in equity the matter of costs rests largely in the discretion of the chancellor and that the taxation of costs may be varied as the justice of the case may require. Thompson v. Bryant, 251 Ala. 566, 38 So.2d 590; Plateau Community Association v. Green, 243 Ala. 531, 10 So.2d 860; and Kennedy v. Sorsby, 209 Ala. 188, 95 So. 891. Equity usually follows the general rule at law that costs are awarded in favor of and not against the successful party in the suit. Lucas v. Lucas, 258 Ala. 515, 64 So.2d 70; Dozier v. Payne, 244 Ala. 476, 14 So.2d 376. An improper exercise of discretion appears when the record, after indulging all fair intendments in favor of the ruling, discloses the taxation of costs was unjust and unfair; otherwise, the action of the trial court should not be disturbed. Dozier v. Payne, 244 Ala. 476, 14 So.2d 376. In view of the facts in this particular case, we cannot say that the taxation of the costs out of the "joint rent account" was unjust or unfair.

It follows that the decree of the trial court is affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.