This is a child custody case.
The facts are not in dispute. Alfred Preston Rayford, III, appellant, and Mollie L. Rayford, appellee, were divorced by the Mobile County Circuit Court on October 17, 1980. The custody of their two minor children was awarded to the mother, with specific visitation rights awarded to the father. On his first weekend visit, appellant picked up the children from the appellee's house, but did not return them. After three years of searching, incurring large expenses for attorney fees, travel expenses and private investigators, the mother found her children in school in Mesquite, Texas. She secured their return to Alabama, where she filed a motion to modify the judgment of divorce and terminate the father's visitation privileges. She also moved to tax the defendant with the costs of finding and recovering the children. There was testimony by the mother of specific sums spent in the locating and recovery of her children. There was neither challenge nor dispute of such testimony. After hearing, the court found the father in criminal contempt and rendered the full punishment allowed by law. Though the father's visitation rights were not terminated, he was required to post a five thousand dollar ($5,000) bond to insure his future compliance with the judgment. The motion of the mother to assess defendant with her cost of recovering the children was granted and the cost was calculated by the court to be $16,790.29.
The father contends this is a special damages award which should be reversed because the claim for special damages was not specifically pleaded; there was no evidence of the existence or extent of damages; and the expenses were not shown to be reasonable or necessary. We affirm.
The father has not correctly defined the award in this case. We consider the award to be costs rather than damages. The two are different by their very natures. Damages are a pecuniary compensation or indemnity which may be recovered in the courts by any person who has suffered a loss, detriment or injury, whether to his person, property or rights, through the unlawful act or omission or negligence of another. Black's Law Dictionary (5th ed. 1979). On the other hand, costs are an allowance by the court to parties for the expenses of a successful prosecution or defense of a case. Opinion of theClerk, 400 So.2d 406 (Ala. 1981); Alabama Rules of Civil Procedure 54 (d). In the case sub judice, the costs were the result of expenses incurred in the successful enforcement of a prior custody decree.
In suits in equity, the allowance of costs rests in the discretion of the court. Water Works Board of Town of Parrishv. White, 281 Ala. 357, 202 So.2d 721 (1967). On appeal, a decree will be reversed only for abuse of discretion in the matter of taxation of costs. Harrington v. Texaco, Inc.,339 F.2d 814 (5th Cir. 1964), cert. denied, 381 U.S. 915,85 S.Ct. 1538, 14 L.Ed.2d 435 (1965); City of Birmingham v. City ofFairfield, 396 So.2d 692 (Ala. 1981). An improper exercise of discretion appears when the record, after indulging all fair intendments in favor of the ruling, discloses the taxation of costs was unfair and unjust. Walden v. Walden, 277 Ala. 459,171 So.2d 851 (1965); Dozier v. Payne, 244 Ala. 476,14 So.2d 376 (1943). *Page 835 
In applying this standard of review, we note the strong public policy against parental kidnapping. See, Uniform Child Custody Jurisdiction Act, § 30-3-20, Code of Alabama 1975 (1983 Repl.Vol.); Parental Kidnapping Prevention Act of 1980,28 U.S.C. § 1738A. Such legislation was passed to prevent such kidnapping and the harm that results to children and to promote stability and security in the child's homelife. UCCJA, § 30-3-21, Code 1975 (1983 Repl.Vol.). This public policy and legislative intent lead us to the conclusion that the award in this case was neither unjust nor unfair. Our conclusion is further supported by § 30-3-35 (b) of the Code, which awards just such expenses to the prevailing party in enforcing an out-of-state custody decree.
We further note, however, that similar awards or assessments have been approved by this court in the case of Lewis v.Douglass, 440 So.2d 1073 (Ala.Civ.App. 1983). In that case, probably in response to issue presented and argued on appeal, this court approved the award using the term "damages." However, the sum requested, as in this case, represented "costs, expenses and attorney fees" incurred in recovering a child by those with legal custody. In each case there was involved a contempt proceeding. We are of the opinion that such an award in a similar case could be made as costs without requirement of a finding of contempt. This may be done under the broad equity powers of the court in child custody matters to adjust the equities between the parties. Ex parte Handley, [Ms. July 20, 1984] (Ala. 1984). To conclude, it matters little in this case, whether characterized as damages or costs, we are of the opinion there is no error in the award.
AFFIRMED.
HOLMES, J., concurs.
BRADLEY, J., concurs specially.