HOLMES, Judge.
This is a domestic relations case.
The parties were divorced in 1976. The divorce decree incorporated the terms of the parties’ agreement under which the husband agreed to pay the wife $100 per month support for the parties’ son until he became of age. The husband also agreed “to pay for the college education” 6’f the son.
The wife initiated the present action when she filed a motion to hold the husband in contempt for his willful failure to pay, among other things, the son’s college expenses. The wife also requested the trial court to modify the divorce decree to increase child support.
Following an ore terms hearing, the trial court found the husband in contempt. The trial court awarded the wife $1,663.68 as arrearage for the son’s college expenses and ordered the husband to pay, in addition to the son’s other college expenses, $175 per month as board for the son each month he is attending college. The trial court also ordered the husband to pay the wife $160 to reimburse her for travel expenses that she incurred in successfully prosecuting the case.
The husband appeals. We affirm.
The husband contends on appeal that the trial court erred in requiring him to pay $175 per month for the son’s board while he is attending college. He contends that such board payments are merely disguised support payments which he cannot be required to pay after the son has reached the age of majority. See Ralls v. Ralls, 383 So.2d 857 (Ala.Civ.App.1980).
We disagree with the husband’s contentions.
Clearly, where a parent agrees to pay for the college education of the child without restriction as to the child’s age, as in the instant case, the trial court can enforce that agreement, though the child has reached the age of majority. Scott v. Scott, 401 So.2d 92 (Ala.Civ.App.1981); Ralls, 383 So.2d 857. See also Smith v. Smith, 439 So.2d 1286 (Ala.Civ.App.1983).
The question presented in this case is simply whether the son’s board is an expense that can reasonably be included as part of the college education for which the husband agreed to pay. In our opinion the only logical conclusion to this question is that necessary or reasonable college expenses include a child’s board, and we so held in Scott, 401 So.2d at 96. We reaffirm the conclusion reached in Scott.
The husband also contends that the trial court erred in ordering him to pay the wife $160 for the travel expenses that she incurred in connection with this case. We disagree.
The allowance of costs in a case such as this one is a matter within the discretion of the trial court, which will not be reversed absent an abuse of that discretion. Rayford v. Rayford, 456 So.2d 833 (Ala.Civ.App.1984).
The husband has failed to show any abuse of the trial court’s discretion by its *853 allowing $160 for the wife’s travel costs upon her successful prosecution of this case. Rayford, 456 So.2d at 834-35. The wife and the son were required to travel from Gulf Breeze, Florida, to Huntsville, Alabama, to testify and necessarily incurred expense in doing so. We find the $160 allowed by the trial court for such expenses to be well within the bounds of that court’s discretion.
The wife has requested an attorney’s fee for representation on appeal. A fee of $500 is hereby awarded.
This case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.