HOLMES, Judge.
This is a divorce case.
The parties were divorced in 1974. The wife initiated the present action when she filed a petition to modify child support and requested the trial court to hold the husband in contempt for failure to pay child support.
Following an ore terms hearing, the trial court entered a judgment in which it held the husband in contempt for willful failure to pay child support and increased the amount of child support that the husband was required to pay to the wife.
The husband appeals. We affirm.
The husband contends on appeal that he was denied due process of law because he did not receive adequate notice of the hearing set for the wife’s petition.
The record reveals that a hearing on the wife’s petition was originally scheduled for June 5, 1986. The husband moved for a continuance of that hearing. It does not appear that his motion was ever ruled upon by the trial court, but, due to a conflict, the trial court rescheduled the hearing for Monday, June 9, 1986.
At the June 9 hearing the husband’s attorney requested a continuance on the grounds that he had not received notification of the June 9 hearing until Saturday, June 7, and that he, therefore, had not been able to subpoena witnesses to testify on the husband’s behalf. The trial court denied the request for a continuance.
Whether to grant or deny a party's motion for a continuance is a matter within the discretion of the trial court, and its ruling on the motion will be reversed only for a gross abuse of that discretion. B & M Homes, Inc. v. Hogan, 376 So.2d 667 (Ala.1979); Perdue v. Mitchell, 373 So.2d 650 (Ala.1979); Threadgill v. Threadgill, 487 So.2d 935 (Ala.Civ.App.1986).
The record does not show any abuse of the trial court’s discretion in denying the husband’s request for a continuance of the June 9 hearing.
Counsel for the husband was apparently mailed a notice of the hearing on May 30, 1986. At the hearing counsel confirmed that the trial court had his correct address. It is interesting to note that, although counsel for the husband had requested a continuance of the hearing originally set for June 5 and although no ruling was made upon that motion, counsel had apparently not contacted the court himself to determine the status of the hearing.
In requesting the continuance on June 9, the husband’s counsel explained that it was necessary to enable him to *710 subpoena witnesses who would testify concerning the paternity of the parties’ child. Any such testimony, however, would be irrelevant, if not improper. The parties had been divorced since 1974. At that time the wife had been given custody of the parties’ child, and the husband had been ordered to pay child support. He had apparently paid such support at some time. Therefore, the determination of the paternity of the child born during the parties’ marriage would apparently be res judica-ta. See Anonymous v. Anonymous, 473 So.2d 502 (Ala.Civ.App.1984).
Under these circumstances the husband has shown neither an abuse of the trial court’s discretion in denying a continuance nor a denial of the husband’s due process rights.
This case is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and INGRAM, J., concur.