HOLMES, Judge.
This is a divorce case.
The parties were divorced in December 1985. The wife was given custody of the parties’ children, and the husband was ordered to pay child support. Rather than setting child support as a fixed monthly sum, the trial court required the husband to provide for certain types of expenses of the children.
In June 1987 the wife filed a motion for rule nisi to hold the husband in contempt for his failure to meet certain of the support obligations under the divorce decree. Following ore tenus proceedings, the trial court held the husband in contempt and ordered him to pay the wife $1,115 in accrued child support, plus $300 for her attorney’s fee.
After the order of contempt the wife filed a motion to modify the terms of the parties' divorce decree to require the husband to pay a fixed monthly sum for child support, rather than having him pay for certain types of expenses of the children. The wife styled her motion to modify as an amendment to her earlier motion for rule nisi.
Following ore tenus proceedings on the motion to modify, the trial court modified the parties’ divorce decree to require him to pay $600 per month child support. The trial court’s judgment also required the husband to pay certain expenses of the children which he had disputed, including certain tutoring expenses and medical expenses.
From the judgment of modification the husband appeals, setting forth several issues for our review. We affirm.
I
At the outset we must address the husband’s contentions related to the wife’s rule nisi petition and the order of contempt. The husband asserts that the trial court erred in holding him in contempt for failure to pay child support.
The husband’s contentions regarding the contempt citation come too late. The order of contempt was entered on September 14, 1987. On September 25, 1987, the husband filed a motion for new trial, upon which it appears that the trial court never ruled. Therefore, the motion for new trial was deemed to be denied on December 24,1987, ninety days after it was filed, as provided by Rule 59.1, Alabama Rules of Civil Procedure. Thereafter, the husband had forty-two days within which to file his notice of appeal, or, in the case of a contempt citation, a petition for a writ of certiorari. Rule 4(a)(1), Alabama Rules of Appellate Procedure.
The husband did not file his notice of appeal until February 12, 1988, which was not within the forty-two day period. Not only was his appeal too late as it regards the order of contempt, but the notice of appeal does not even state that the appeal is from the contempt order. Rather, the *673 only judgment from which an appeal is made is the trial court’s January 19, 1988, order modifying the child support provisions of the divorce decree.
Under such circumstances this court will not review the order of contempt. This is so even though the wife’s motion to modify was styled as an amendment to her motion for rule nisi, a point discussed more fully below.
The husband also disputes the $300 attorney’s fee which the trial court awarded the wife upon holding the husband in contempt. We would necessarily find the husband’s contentions regarding the fee also to be untimely were it not for the fact that in its January 1988 modification order the trial court listed the attorney’s fee among several specific sums which it ordered the husband to pay.
With regard to the attorney’s fee, however, we can find no error by the trial court in making such an award to the wife. Ala. Code (1975), § 30-2-54 (1983 RepLVol.), gives the trial court authority to award an attorney’s fee in a suit such as the instant one where a party has been found to be in contempt. See Hudson v. Hudson, 494 So.2d 664 (Ala.Civ.App.1986).
As noted above, the wife styled her motion to modify the child support provisions of the divorce decree as an amendment to her motion for rule nisi. The husband contends that the trial court erred in allowing the wife to amend her motion for rule nisi to add a motion to modify the child support provisions of the divorce decree. The husband contends that a rule nisi petition and a motion to modify are two separate proceedings which cannot be considered together as one case by the trial court.
The husband’s contentions are clearly without merit. Petitions for rule nisi and for modification are often filed as one pleading by the petitioner and commonly treated as one case by the trial court. See Opinion of the Clerk, 403 So.2d 891, 893 (Ala.1981). See, e.g., Autery v. Autery, 515 So.2d 708 (Ala.Civ.App.1987); Rigsby v. Akin, 498 So.2d 851 (Ala.Civ.App.1986).
Nevertheless, it appears to this court that the trial court did treat the wife’s motion for rule nisi and motion to modify as two separate proceedings.
The record reflects that the order of contempt was entered on the wife’s motion for rule nisi on September 14, 1987. The wife did not file her motion to modify until November 12,1987—after the rule nisi had been disposed of by the trial court.
Regardless of the way in which the wife styled her motion to modify, it could not have been an amendment to her motion for rule nisi since that earlier motion had already been disposed of by the September 14,1987, order of contempt. Moreover, the record reflects that the trial court treated the motion to modify as a separate proceeding and not as an amendment to the motion for rule nisi.
At any rate, we find the husband’s contentions regarding the alleged amendment of the motion for rule nisi to be without merit.
II
The remaining issues presented by the husband for our review concern the modification of the child support provisions in the divorce decree and the trial court's requiring him to pay for certain specific expenses.
As already noted, the original divorce decree did not require the husband to pay a fixed monthly sum as child support. Rather, it required him to pay for certain named expenses, including “school tuition and other reasonable related educational expenses,” dancing lessons, and the “expenses for tutorial services” rendered to one child. The wife sought to alter these provisions so that the husband simply paid a fixed sum. She claimed that “uncertainties” in the language used had been a continuous source of disagreement between the parties and that the best interests of all would be served if the husband were ordered to pay a fixed amount.
It is well established that the determination of child support is a matter within the sound discretion of the trial court and that *674 its determination will not be set aside on appeal unless an abuse of that discretion is shown. Lewis v. Lewis, 494 So.2d 105 (Ala.Civ.App.1986); Brannon v. Brannon, 477 So.2d 445 (Ala.Civ.App.1985). We find no abuse of discretion under the circumstances of this case.
The trial court’s determination regarding child support is based upon the needs of the children and the ability of the parents to provide for their support. Waddy v. Waddy, 497 So.2d 169 (Ala.Civ.App.1986); MacKenzie v. MacKenzie, 486 So.2d 1289 (Ala.Civ.App.1986).
The record contains evidence that, not only was the husband clearly able to pay $600 per month for the support of the children, but that such sum was quite close to the amounts he averaged per month under the original language of the divorce decree.
The wife testified that the original child support provisions were not working because she first had to pay for the children’s expenses “and then try to collect it from [the husband] at a later date if he decides that it was an appropriate amount and a legitimate expense.” She testified that, if the husband were required to pay a fixed sum so that she could budget her money, it would cut down on the conflict between the parties.
In effect, the modification of the child support provisions appears to be more a change of form than of substance. We find no abuse of the trial court’s discretion in ordering the modification.
The husband makes certain other contentions disputing sums the trial court ordered him to pay for tutoring expenses and extraordinary medical expenses. We find it unnecessary to discuss each contention separately. Suffice it to say that such sums were clearly part of the husband’s support obligation or obligation to provide for the children’s extraordinary medical expenses. The husband’s contention that the trial court erred by not defining “extraordinary medical expenses” is equally without merit.
We would comment, however, that it is precisely this type of pedantic action by the husband with regard to many of the expenses he was required to pay under the terms of the original divorce decree which the trial court has attempted to alleviate by ordering the husband to pay a fixed sum for child support.
The wife has requested an attorney’s fee for representation on appeal. A fee of $750 is hereby awarded.
This case is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and INGRAM, J., concur.