MADDOX, Justice.
The issue in this appeal is whether the trial court erred in taxing one-half (½) of a guardian ad litem’s fees against the defendants, which included two minors for whose benefit the guardian ad litem was appointed. The issue grows out of a dispute over “excess” coverage in an insurance policy issued by The Aetna Casualty and Surety Company (hereinafter “Aetna”) to the tort-feasor.
FACTS
On October 18, 1986, an automobile driven by Darlene S. Covert collided with a van driven by Audie R. Smith in Mobile, Alabama.[1] As a consequence of that automobile collision, Darlene Covert was killed. She was survived by her husband, Clifford W. Covert, and her two minor children, Christine Louise and Amber Eligh. Clifford Covert, individually, as administrator of his wife’s estate, and as the father and next friend of his two minor children, filed tort actions against Audie Smith, the company for which Smith worked, and several other defendants in the Circuit Court of Mobile County.
After the filing of that lawsuit, Aetna filed a declaratory judgment action in the Circuit Court of Mobile County, in which Aetna asked the court to determine the respective rights and liabilities of Aetna and of its named insured, Smith, and the company for which he worked, under its umbrella liability policy. Named as defendants in Aetna’s declaratory judgment action were its insured, Audie Smith; Smith’s company; Clifford Covert, individually, as administrator of his wife’s estate, and as father and next friend of his two minor daughters; and several other entities. Specifically, Aetna asked the court to declare that it owed no coverage to Smith or to his company under its policy.
To represent the interest of the minors, Aetna asked the court to appoint guardians ad litem. Covert also filed a motion in which he asked for the appointment of a guardian ad litem for his two children. Pursuant to those requests for the appointment of a guardian ad litem, the trial court appointed Mack B. Binion.
In their answers to Aetna’s complaint, Smith and Binion both asserted that there was coverage under, the provisions of Aet-na’s policy for damages that exceeded the liability coverage offered by the primary insurer of Smith and his company.[2]
Later, Aetna filed a motion for summary judgment, and in an accompanying brief asserted that Smith had failed to reveal pertinent information regarding his prior driving history and had omitted information that Aetna claimed would have resulted in a decision not to insure Smith under *1350 its umbrella liability policy had it been aware of the facts; consequently, Aetna maintained that Smith had deceptively obtained excess coverage and that the trial court, therefore, should declare that Smith was precluded, as a matter of law, from coverage under his policy with Aetna because of his deliberate misrepresentations of facts on his insurance application. Furthermore, Aetna claimed that the company for which Smith worked was not a named insured on its excess liability policy with Smith, and that, based on these facts, there was no coverage under the policy on behalf of the company for which Smith was employed.
Binion, on the other hand, representing the interests of Covert’s minor children, filed a motion for summary judgment requesting the court to declare that Aetna was obligated under its excess policy with Smith to provide coverage to him and his company.
Following a hearing on Aetna’s motion for summary judgment, the trial court entered a judgment granting Aetna’s motion and declaring that neither Smith nor the company for which he worked was entitled to coverage under Aetna’s umbrella liability policy. In that judgment, the court taxed costs to the defendants, which included the minors, Christine and Amber Covert. The trial court later modified its judgment, however, to provide that one-half (Va) of the costs for the guardian ad litem fees would be taxed to Aetna and the remaining one-half (½) of the costs would be taxed to the defendants.
It is from the trial court’s order taxing one-half (½) of Mr. Binion's fees to the defendants that Covert now appeals.
I
The general provision governing the award of costs by a court in a civil action is set forth in Rule 54(d), A.R.Civ.P., which, in part, states:
“Costs. Except when express provision therefor is made in a statute, costs shall be allowed as of course to the prevailing party unless the court otherwise directs, •and this provision is applicable in all cases in which the state is a party plaintiff in civil actions as in cases of individual suitors.”
(Emphasis added.)
As expressly stated in Rule 54(d), the general provision of that rule applies only if there is no express statutory provision dictating a different approach. The provisions of Rule 54(d) are consistent with the provisions of Ala.Code 1975, § 6-6-231, which provides for the awarding of costs in a declaratory judgment action. That section reads:
“§ 6-6-231. Awarding of costs.
“In any proceeding under this article [Alabama’s Declaratory Judgment Act], the court may make such award of costs as may seem equitable and just.”
(Emphasis added.)
II
The standard by which we review an award of costs in a declaratory judgment action was stated by this Court in Frawley v. U.S. Steel Mining Co., 496 So.2d 731, 736 (Ala.1986):
“This Court has held that, in a declaratory judgment action ‘the judge’s cost ruling is entirely discretionary, and we will not reverse unless it appears from the record, after indulging all fair intend-ments in favor of the ruling, that the taxation of costs was unjust and unfair.’ City of Birmingham v. City of Fairfield, 396 So.2d 692 at 697 (Ala.1981); Walden v, Walden, 277 Ala. 459, 171 So.2d 851, 854 (1965).”
After a thorough review of the record, we cannot say that there was an improper exercise of discretion by the trial court in taxing the costs equally against Aetna and the defendants, including Covert’s minor children. Even though Aetna had requested the appointment of a guardian ad litem, so had Covert, and Aetna was the prevailing party. The general rule is that the court will tax costs against the losing party in an action, which in this case would be the defendants.
We see no error in the trial court’s exercise of its discretion to assess one-half of *1351 the guardian ad litem costs against the defendants.[3] The order taxing costs is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and ALMON, ADAMS and STEAGALL, JJ., concur.

. Audie Smith, who is the owner and operator of Environmental Control Corporation, an air conditioning and heating company, was driving his company's van when the accident occurred. That van, like Smith himself, was covered by a primary liability policy issued by Auto-Owners Insurance Company, which named Smith and his company as insureds. The umbrella liability policy issued by Aetna to Smith named only Smith as the insured.

. Smith and his company’s primary liability policy with Auto Owners Insurance Company provided a maximum liability coverage of $300,000 to them, which amount was paid over to Covert. The umbrella liability policy issued by Aetna to Smith, which named only Smith as its insured, provided a maximum excess liability coverage of $1,000,000 to him.

. It should be noted that the court had taxed all the costs of the guardian ad litem initially against the defendants, and the order appealed from is a modification of that original order.