SMITH, Justice.
 

 Historic Blakeley Foundation, Inc. (“the Foundation”), appeals from a judgment of the Baldwin Circuit Court quieting title to certain real property, specifically, parcel “C” and the “triangle” parcel, in favor of Christine Elizabeth Williams and ordering the Foundation to pay the fee awarded the guardian ad litem. We affirm in part and reverse in part.
 

 Facts and Procedural History
 

 The record reveals the following pertinent facts. In July 2007, Christine and her son, Christopher A. Williams (“the
 
 *700
 
 Williamses”), met with Jo Ann Flirt, the Foundation’s executive director, to request an easement across parcel “C.” The Williamses sought the easement so that Christopher could clear a driveway for access to a lot that Christine had subdivided from her property; Christopher planned to build a house on the subdivided lot. Flirt informed the Williamses that she would present them request to the Foundation’s board and would recommend that the board grant the Williamses a 20-foot easement across parcel “C”; however, in August 2007, Flirt learned that Christopher had already begun clearing the driveway without permission from the board. After meeting with Christopher to discuss the situation, Flirt directed certain employees of the Foundation to block the driveway. Flirt then met with Christine and her attorney in September 2007, at which time Christine informed Flirt that she was claiming possession of parcel “C.”
 
 [1]
 

 On September 27, 2007, Christine and several of her family members, namely, Peggy Williams Boykin, Olivia L. Gilberry, Wallace E. Gilberry, Allen J. Gilberry, Alden T. Gilberry, Lillian C. Williams, and Donald Mix, Jr. (hereinafter sometimes referred to collectively as “the plaintiffs”), filed in the circuit court a bill to quiet title pursuant to Ala.Code 1975, § 6-6-560, alleging that they are the fee-simple owners of nine parcels of real property (“the property”), designated as parcels “A”-“H” and the “triangle” parcel, located in Baldwin County.
 
 [2]
 
 The complaint named as defendants the Foundation, the property, and all unknown parties who may claim an interest in the property (hereinafter all the defendants are referred to collectively as “the Foundation”). The plaintiffs claimed title to the property by a series of warranty deeds dated between 1921 and 1995. On the same day, the plaintiffs, pursuant to Ala.Code 1975, § 6-6-562,
 
 [3]
 
 moved the circuit court to appoint a guardian ad li-tem; the circuit court granted that motion.
 

 In January 2008, Christine and Christopher'
 
 [4]
 
 filed in the circuit court a “first amended bill to quiet title.” The amended complaint alleged, among other things, that Christine is the fee-simple owner of both the triangle parcel and parcel “C” by “adverse possession through herself and her predecessors in interest in excess of eighty (80) years next preceding the filing of the Complaint.”
 

 The Foundation answered, asserting various affirmative defenses. Additionally, the Foundation, pursuant to § 6-6-560, filed a counterclaim against the Williamses and a cross-claim against the other plaintiffs, seeking an order quieting title to certain parcels of the property including, among others, parcel “C” and the triangle
 
 *701
 
 parcel, in its favor.
 
 [5]
 
 The Foundation claimed ownership of parcel “C” and the triangle parcel by a series of deeds dated between 1942 and 1990.
 

 The matter was heard by the circuit court in an ore tenus hearing. On October 28, 2008, the circuit court entered an order that, among other things, quieted title to parcel “C” and the triangle parcel in Christine’s favor. The circuit court’s order also taxed the costs of the proceeding to the Foundation; those costs included awarding a fee to the guardian ad litem in the amount of $3,500. The Foundation moved the circuit court to alter, amend, or vacate its October 28, 2008, order; the circuit court denied that motion.
 

 On January 29, 2009, the circuit court entered an order pursuant to Rule 54(b), Ala. R. Civ. P., making final its October 28, 2008, judgment as to all claims between the Foundation and the Williamses.
 
 [6]
 
 The Foundation appeals the circuit court’s judgment quieting title to parcel “C” and the triangle parcel in Christine’s favor.
 

 Standard of Review
 

 “ ““ “[W]hen a trial court hears ore tenus testimony, its findings on disputed facts are presumed correct and its judgment based on those findings will not be reversed unless the judgment is palpably erroneous or manifestly unjust.” ’ ”
 
 Water Works & Sanitary Sewer Bd. v. Parks,
 
 977 So.2d 440, 443 (Ala.2007) (quoting
 
 Fadalla v. Fadalla,
 
 929 So.2d 429, 433 (Ala.2005), quoting in turn
 
 Philpot v. State,
 
 843 So.2d 122, 125 (Ala.2002)). “ ‘The presumption of correctness, however, is re-buttable and may be overcome where there is insufficient evidence presented to the trial court to sustain its judgment.’ ”
 
 Waltman v. Rowell,
 
 913 So.2d 1083, 1086 (Ala.2005) (quoting
 
 Dennis v. Dobbs,
 
 474 So.2d 77, 79 (Ala.1985)). “Additionally, the ore tenus rule does not extend to cloak with a presumption of correctness a trial judge’s conclusions of law or the incorrect application of law to the facts.”
 
 Wattman v. Rowell,
 
 913 So.2d at 1086.’ ”
 

 Southside Cmty. Dev. Corp. ex rel. Galloway v. White,
 
 10 So.3d 990, 991-92 (Ala. 2008) (quoting
 
 Retail Developers of Alabama, LLC v. East Gadsden Golf Club, Inc.,
 
 985 So.2d 924, 929 (Ala.2007)). “It is also a well-established principle that ‘[w]hen a trial court does not make specific findings of fact concerning a particular issue, an appellate court will assume that the trial court made those findings that would have been necessary to support its judgment, unless these findings would be clearly erroneous.’ ”
 
 Classroomdirect.com, LLC v. Draphix, LLC,
 
 992 So.2d 692, 710 (Ala.2008) (quoting
 
 Ex parte Byars,
 
 794 So.2d 345, 349 (Ala.2001)).
 

 Discussion
 

 The Foundation raises numerous issues on appeal; however, they can be reduced to three dispositive issues: (1) whether Christine proved that she was in actual, peaceable possession of parcel “C” and the triangle parcel at the time she filed her action to quiet title; (2) whether the Foundation proved that it was in actual, peaceable possession of parcel “C” and the triangle parcel at the time it filed its counterclaim seeking to quiet title to those parcels; and (3) whether the circuit court
 
 *702
 
 erred by ordering the Foundation to pay the guardian ad litem’s fee.
 

 As noted, this ease, based on the allegations of the Williamses’ first amended complaint and the allegations of the Foundation’s counterclaim and cross-claim, was brought under Ala. Code 1975, § 6-6-560. In
 
 Thrift v. McConnell,
 
 564 So.2d 481 (Ala. 1990), this Court set forth the elements that must be proven under this Code section:
 

 “ ‘ “ ‘Under the provisions of § 1116, Title 7, Code 1940, as amended [the predecessor of [Ala.] Code 1975, § 6-6-560], one who claims to own lands or any interest therein, if no suit is pending to test his title to, interest in, or his right to the possession of the lands, may file a verified bill of complaint in the circuit court, in equity, of the county in which such lands lie, against the lands and any and all persons claiming or reputed to claim any title to, interest in, lien or encumbrance on said lands, or any part thereof, to establish the right or title to such lands, or interest, and to clear up all doubts or disputes concerning the same, when either of the following situations is shown to exist:
 

 “ ‘ “ ‘(1) When the complainant is in the actual, peaceable possession of the lands.
 

 “ ‘ “ ‘(2) When neither the complainant nor any other person is in the actual possession of the lands and complainant has held color of title to the lands, or interest so claimed, for a period of ten or more consecutive years next preceding the filing of the bill, and has paid taxes on the lands or interest during the whole of such period.
 

 “ ‘ “ ‘(3) When neither the complainant nor any other person is in the actual possession of the lands and complainant, together with those through whom he claims, have held color of title and paid taxes on the lands or interest so claimed for a period of ten or more consecutive years next preceding the filing of the bill.
 

 “
 
 ‘ “
 
 ‘(4) When neither the complainant nor any other person is in the actual possession of the lands and complainant and those through whom he claims have paid taxes during the whole of such period of ten years on the lands or interest claimed, and no other person has paid taxes thereon during any part of said period.’ ” ’ ”
 

 564 So.2d at 433 (quoting
 
 Cullman Wholesale Co. v. Simmons,
 
 530 So.2d 727, 728-29 (Ala.1988), quoting in turn
 
 Gulf Land Co. v. Buzzelli,
 
 501 So.2d 1211, 1212-13 (Ala. 1987)).
 

 Although the circuit court’s judgment fails to designate which of the four situations set forth in § 6-6-560 was the basis for its decision, we must assume that the circuit court found that Christine satisfied one or more of those four situations.
 
 See Classroomdirect.com, LLC, supra.
 

 Simply put, title may be quieted in an action brought under § 6-6-560 in only two situations, “one of which is where the complainant is in the actual peaceable possession of the property, and the other is where no one is in the actual possession of the property.”
 
 Fitts v. Alexander,
 
 277 Ala. 372, 375, 170 So.2d 808, 810 (1965) (citation omitted). “Actual possession generally refers to the physical occupation of the land.”
 
 Woodland Grove Baptist Church v. Woodland Grove Cmty. Cemetery Ass’n, Inc.,
 
 947 So.2d 1031, 1037 n. 7 (Ala.2006). Neither of those situations exists in this case.
 

 “When one party does something (other than mere isolated acts not amounting to an interference with peaceable possession) which indicates that he himself claims to be in possession, the complain
 
 *703
 
 ant’s possession ceases to be peaceable and becomes ‘disputed’ or ‘scrambling.’ ”
 
 Cobb v. Brown,
 
 361 So.2d 1069, 1070 (Ala.1978). “ ‘One is in peaceable possession as opposed to scrambling possession when at the time of the suit no other party is denying the
 
 fact
 
 of complainant’s possession.’ ”
 
 Thrift,
 
 564 So.2d at 434 (quoting
 
 Denson v. Gibson,
 
 392 So.2d 523, 524-25 (Ala.1980)). “If both parties claim actual possession or are scrambling for it, then the possession is not peaceable.”
 
 Denson,
 
 392 So.2d at 525 (citing
 
 Adams v. Bethany Church,
 
 380 So.2d 788 (Ala.1980)).
 

 Regarding her use and possession of parcel “C,” Christine testified that she was still “using it” for the purpose of maintaining a flower garden.
 
 [7]
 
 Regarding her use and possession of the triangle parcel, Christine testified that she and her family use the triangle parcel for “cook-outs” and for “picnics.” Also, Christine testified that a representative of the Foundation, Mary Grice, had once asked Christine if the Foundation could use a portion of her property, apparently including a portion of parcel “C,” for parking during “the bluegrass festival.”
 
 [8]
 
 Furthermore, Flirt testified that she was aware that the Williamses had been using driveways located on parcel “C” to access their respective residences, which are located on parcel “B.”
 
 [9]
 

 Regarding the Foundation’s use and possession of parcel “C” and the triangle parcel, the evidence reveals that the Foundation has surveyed, painted and blazed, and patrolled the boundaries of parcel “C” and the triangle parcel at various times since 1990 and that the Foundation has placed a concrete marker at one of the corners of parcel “C”. Also, it is undisputed that the Foundation had executed a quitclaim deed in favor of Baldwin County for a right-of-way on a portion of parcel “C” and that parcel “C” and the triangle parcel had been assessed for tax purposes in the Foundation’s name since 1990.
 

 Because there exists evidence of actual possession by both Christine and the Foundation, neither party was in peaceable possession of parcel “C” or the triangle parcel at the time they filed their respective quiet-title actions; thus, the circuit court could not properly quiet title to those parcels in either party’s favor.
 
 See Cobb, supra; Denson, supra.
 
 Accordingly, we conclude that the circuit court erred by quieting title to those parcels in Christine’s favor and that the circuit court properly declined to quiet title to those parcels in the Foundation’s favor.
 
 See Thvift,
 
 564 So.2d at 433.
 

 Finally, the Foundation argues that the circuit court erred by ordering it to pay
 
 *704
 
 the guardian ad litem’s fee. Alabama Code 1975, § 6-6-571, provides:
 

 “The court shall have the power to assess the cost of a hearing held pursuant to the terms of this division, including the fee of the guardian ad litem, to the plaintiffs;
 
 provided, that should some of the defendants file counterclaims or should certain persons intervene, the cost shall be assessed by the court as justice may require.”
 

 (Emphasis added.)
 

 It is well settled that “[t]he matter of the guardian ad litem’s fee is within the discretion of the trial court, subject to correction only for abuse of discretion.”
 
 Englund v. First Nat’l Bank of Birmingham,
 
 381 So.2d 8, 12 (Ala.1980) (citing
 
 Commercial Standard Ins. Co. v. New Amsterdam Cas. Co.,
 
 272 Ala. 357, 362, 131 So.2d 182, 186 (1961)). After reviewing the Foundation’s contentions, we cannot conclude that the circuit court exceeded its discretion by ordering the Foundation to pay the guardian ad litem’s fee. Accordingly, that portion of the circuit court’s judgment is affirmed.
 
 See City of Birmingham v. City of Fairfield,
 
 396 So.2d 692, 697 (Ala.1981) (“The judge’s cost ruling is entirely discretionary, and we will not reverse unless it appears from the record, after indulging all fair intendments in favor of the ruling, that the taxation of costs was unjust and unfair.” (citing
 
 Walden v. Walden,
 
 277 Ala. 459, 171 So.2d 851 (1965))).
 

 Conclusion
 

 The circuit court’s judgment is reversed insofar as it purports to quiet title to parcel “C” and the triangle parcel in Christine’s favor; the judgment is affirmed insofar as it ordered the Foundation to pay the guardian ad litem’s fee. We remand the cause to the circuit court with instructions to dismiss both the Williamses’ complaint and the Foundation’s counterclaim/cross-claim insofar as they seek to quiet title to parcel “C” and the triangle parcel.
 
 See Thrift,
 
 564 So.2d at 434 (concluding that the evidence was insufficient to show that title should be quieted in the appellees, reversing that part of the trial court’s judgment quieting title in the appellees, and remanding the cause to the trial court with instructions to dismiss the appellees’ quiet-title action).
 

 We pretermit as unnecessary consideration of the other issues presented by the Foundation.
 

 AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH DIRECTIONS.
 

 COBB, C.J., and WOODALL, PARKER, and SHAW, JJ., concur.
 

 [1]
 

 . Specifically, Flirt testified that Christine informed her during the September 2007 meeting that, with regard to parcel “C,” she "had a garden there” and that she "possessed it.”
 

 [2]
 

 . Christine's parents, Nathaniel Williams, Sr., and Christina Thomas Williams, claimed ownership of the property, which consisted of 10 acres, by a deed executed in 1921. Christine and her two surviving siblings executed deeds to themselves in 1978, equally dividing the property among themselves. The property is, for the most part, unimproved land, and it is located in a heavily wooded, rural area of Baldwin County.
 

 [3]
 

 . Alabama Code 1975, § 6-6-562, provides, in part, that "[oln the filing of a complaint as authorized under Section 6-6-560, ... should the identity of some, or all, of said defendants be unknown, the court shall forthwith appoint a guardian ad litem to represent and defend the interest of such ... unknown parties in the proceeding.”
 

 [4]
 

 . Christopher was not a named plaintiff in the original complaint.
 

 [5]
 

 . Parcel "C” and the triangle parcel are the only parcels at issue in this appeal.
 

 [6]
 

 . The Williamses had moved the circuit court to enter a Rule 54(b) order as to all claims between them and the Foundation because, according to the Williamses, a proposed settlement agreement between the Foundation and the other plaintiffs had not materialized and, as a result, the Foundation had moved the circuit court to set those claims for trial.
 

 [7]
 

 .In arguing that Christine has not used parcel “C” in any manner since at least 1979, the Foundation notes that Christine testified that she and her family "never quit using that property until [Hurricane Frederick] come and put the debris [in 1979].’’ Christine also testified that she and her family "had no way of cleaning it out because [they did not] have tractors”; however, Christine later qualified her testimony indicating that she and her family had "quit using that property” after Hurricane Frederick covered it with debris in 1979 by stating, ”[t]hat’s the last time children could play in the playhouses with all that stuff grown up.”
 

 [8]
 

 . Christine did not testily as to which year the Foundation made this request.
 

 [9]
 

 . Specifically, Flirt testified that she "was aware that [Christine] was land-locked, that she was using the driveway [across parcel 'C'] with [the Foundation’s permission]...." Flirt also testified that, “sometimes around 2000,” she "became aware of the fact that Christopher ... had built a driveway [across parcel ‘C’] to get to his residence.” The Foundation did not object to either Christine's or Christopher’s use of their respective driveways before the incident that precipitated the present action. Neither Christine nor Christopher makes a claim in this action for an easement.